IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv48

| | |
|---|---|
| TODD CRISP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) MEMORANDUM AND |
| Vs. | ) RECOMMENDATION |
| | ) |
| MICKEY LAFONE; KATHY | ) |
| ROSENFELD; and BAKER | ) |
| FURNITURE, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the court upon the following dispositive motions:

(1) defendant Mickey Lafone's Motion to Dismiss, filed March 1, 2005;

(2) defendant Kathy Fehsenfeld's (incorrectly identified as "Rosenfeld" in the Complaint) Motion to Dismiss, filed March 1, 2005;

(3) defendant Baker Furniture, Inc.'s (an incorrect identification of plaintiff's employer) Motion to Dismiss, filed March 1, 2005.

Each motion is supported by a memorandum of law showing that each defendant is entitled to the relief sought as a matter of well-settled law.

Plaintiff's deadline for filing a memorandum of law responsive to each motion was March 18, 2005. The court has delayed entry of this Memorandum and Recommendation to insure that plaintiff had more than a sufficient time to respond to defendants' motions. No

1

response has been filed, even though plaintiff is represented by counsel. In accordance with Local Rule 7.1, the undersigned will recommend that defendants' motion to dismiss be granted as unopposed. In addition, the undersigned has conducted a review of the merits of each motion to dismiss and determined that each defendant is entitled to the relief it seeks. Defendants have moved to dismiss in accordance with Rules 12(b)(4), (5), and (6).

## FINDINGS AND CONCLUSIONS

### I.  Factual Background

In this action, plaintiff contends that he was terminated from his employment with defendant Baker Furniture, Inc., based on his race, black. It is his contention that such defendant fired him for failing to clock in, but that it did not fire white employees for the same misconduct. Plaintiff has attempted to allege causes of action against each defendant under the Civil Rights Act of 1964 (hereinafter "Title VII") and under 42, United States Code, Section 1983.[1]

### II.  Standard of Substantive Review

#### A.  Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rules 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73

---

[1]  Plaintiff failed to attach a copy of either the right-to-sue letter or the administrative charge of discrimination, which would be additional grounds for dismissal.

(1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."

3

Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

### B. Rules 12(b)(4) & (5) Standard

Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered.

> [T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.

Light v. Wolf, 816 F.2d 746, 751 (D.C.Cir.1987) (internal quotations omitted). Where the procedural requirements of sufficient process and service of process are not satisfied, a court lacks power to assert personal jurisdiction over a defendant. Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C.Cir.2002). Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate. Dimet Proprietary, Limited v. Industrial Metal Protectives, 109 F.Supp. 472 (D. Del. 1952).

## III. Discussion

### A. Defendant Lafone's Motion to Dismiss & Defendant Fehsenfeld's Motion to Dismiss

Plaintiff appears to allege that Defendants Lafone and Fehsenfeld were employees of defendant Baker Furniture and were his supervisors. Complaint, at ¶¶ 24-26. Plaintiff does not allege that either Defendant Lafone or Defendant Fehsenfeld was his employer or that either acted under color of state law. Plaintiff has attempted to assert causes of action against these defendants under Section 1983 and Title VII.

Because plaintiff's Complaint finds no support in current and well-settled case law, the substance of defendants' motions can be resolved with little discussion. Plaintiff fails to state a claim against Defendants Lafone and Fehsenfeld under Section 1983 inasmuch as "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001)(citations an internal quotations omitted). Plaintiff also fails to state a claim under Title VII inasmuch as it is well settled that Title VII provides a cause of action against employers, not individual supervisors. Lissau v. Southern Food Service, Inc.,159 F.3d 177 (4th Cir. 1998). The motions of Lafone and Fehsenfeld to dismiss for failure to state a claim should be allowed.

Additionally, Defendant Fehsenfeld has moved under Rules 12(b)(4) and (5) for improper service of process under Rule 4 of the North Carolina Rules of Civil Procedure. Inasmuch as such defendant was never personally served with process at her home in

5

Michigan, this motion is also meritorious. Defendant Fehsenfeld's Motion to Dismiss should under those grounds, therefore, be granted in its entirety as a matter of well-settled law.

B.  **Defendant Baker Furniture, Inc.'s Motion to Dismiss**

Defendant Baker Furniture, Inc., has moved to dismiss based on improper service of process under Rule 4(j)(6)(a)-(d), North Carolina Rules of Civil Procedure. By way of affidavit,[2] such defendant has shown that "Baker Furniture, Inc." is not a corporate entity affiliated in any manner with plaintiff's actual former employer and that plaintiff was employed at Baker, Knapp, Tubbs, Inc.'s southern distribution center. See Affidavit of Kathleen Sheedy. Further, such affidavit provides that Baker, Knapp, Tubbs, Inc., was never served in this matter through its registered agent or principal mailing address, all of which is on record with the Secretary of State of North Carolina.

Defendant Baker Furniture, Inc., has argued that instead of serving Baker, Knapp, Tubbs, Inc., in any manner prescribed by state law, it attempted to serve the non-existent Baker Furniture, Inc., by directing the Sheriff to deliver the Summons and Complaint, which was addressed to Baker Furniture, Inc., without naming any person in such summons, at an address of 3487 Tex's Fishcamp Road, Connelly Springs, North Carolina.

Plaintiff's service is defective in that plaintiff: (1) fails to name a valid corporate

---

[2] In Dimet Proprietary, Limited v. Industrial Metal Protectives, supra, the district court held that "motions made under certain paragraphs of 12(b), viz., sub-paragraphs 2 to 5 . . . contemplate extraneous affidavits or other matters and are not determined on the pleadings alone. Obviously, motions under some of these provisions could not be determined on the complaint alone." Id., at 474.

entity within the State of North Carolina; (2) fails to identify or serve the defendant's correct registered agent or any other person; and (3) falsely represents to the court in paragraph 4 of the Complaint that Baker Furniture, Inc., is a North Carolina corporation with a principal place of business and primary corporate headquarters in Hildebran, North Carolina. The unrebutted affidavit of Kathleen Sheedy shows that Baker, Knapp, Tubbs, Inc., was plaintiff's employer, that such corporation is registered as a North Carolina corporation with a registered agent in Raleigh, North Carolina, a principal office in Michigan, and a mailing address in Wisconsin, and that Baker, Knapp, Tubbs, Inc., is a subsidiary of Kohler Co.

The North Carolina Rules of Civil Procedure governing service of process are construed rigidly and "the prescribed procedures must be followed strictly." Green v. Register, 104 N.C.App. 618, 620 (1991). As to service of corporations, Rule 4(j)(6) of the North Carolina Rules of Civil Procedure provides:

> **Domestic or Foreign Corporation.**--Upon a domestic or foreign corporation by one of the following:
> a.   By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
> b.   By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c.   By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
> d.   By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b.,

delivering to the addressee, and obtaining a delivery receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(6) (2003). A rebuttable presumption of proper service arises where a plaintiff complies Chapter 1-75.10, which provides:

> Where the defendant appears in the action and challenges the service of the summons upon him, proof of the service of process shall be as follows: . . .
> (4) **Service by Registered or Certified Mail.**--In the case of service by registered or certified mail, by affidavit of the serving party averring:
>    a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
>    b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
>    c. That the genuine receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1-75.10 (2003). The summons, which is contained in the removal papers, indicates that plaintiff failed to designate any person to be served on behalf of Baker Furniture, Inc., which is a patent violation of Rule 4(j)(6).

In <u>Lane v. Winn-Dixie Charlotte, Inc.</u>, ___ N.C.App. ___, ___ S.E.2d ___, 2005 WL 588988 (March 15, 2005), the North Carolina Court of Appeals recently held

> A review of the summons demonstrates that plaintiffs failed to designate any person authorized by Rule 4(j)(6) to be served on behalf of the corporate defendant in violation of the clear requirements of the rule. Accordingly, the summons was defective on its face. Thus, as the summons was defective on its face, a presumption of service would not exist even upon a showing that the item was received by registered mail.

<u>Id.</u>, 2005 WL, at 1. Plaintiff's service was, therefore, fatally defective.

The undersigned will, therefore, respectfully recommend that plaintiff's Complaint be dismissed for insufficient service of process as to Baker Furniture, Inc., which does not

8

exist. Further, the undersigned will recommend that the Section 1983 claim asserted against the misnamed corporate defendant also be dismissed for the reasons discussed above.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that, for all of the reasons discussed above,

(1) defendant Mickey Lafone's Motion to Dismiss be **GRANTED**;

(2) defendant Kathy Fehsenfeld's (incorrectly identified as "Rosenfeld" in the Complaint) Motion to Dismiss be **GRANTED**; and

(3) defendant Baker Furniture, Inc.'s (an incorrect identification of plaintiff's employer) Motion to Dismiss be **GRANTED**;

and that this action be **DISMISSED** with prejudice in its entirety.


The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S.

140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

This _____ day of _April_, 2005.

_____
DENNIS L. HOWELL
UNITED STATES MAGISTRATE JUDGE

```
                                                                    jhg
                    United States District Court
                              for the
                    Western District of North Carolina
                           April 19, 2005


                  * * MAILING CERTIFICATE OF CLERK * *


Re:   1:05-cv-00048



True and correct copies of the attached were mailed by the clerk to the
following:


      Wayne O. Clontz, Esq.
      P. O. Box 917
      Morganton, NC  28680-0917

      John D. Cole, Esq.
      Ogletree, Deakins, Nash, Smoak & Stewart, PC
      400 West Trade St.
      Federal Plaza Bldg.
      Charlotte, NC  28202

      Benjamin R. Holland, Esq.
      Ogletree, Deakins, Nash, Smoak & Stewart, PC
      400 West Trade St.
      Federal Plaza Bldg.
      Charlotte, NC  28202
```

cc:
Judge                         (✓)
Magistrate Judge              (✓)
U.S. Marshal                  ( )
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Court Reporter                ( )
Courtroom Deputy              ( )
Orig-Security                 ( )
Bankruptcy Clerk's Ofc.       ( )
Other_____         ( )


                                          Frank G. Johns, Clerk

         Date: April 19, 2005             By: _____
                                                  Deputy Clerk